# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KATIE CROSS, on behalf of herself and all other similarly-situated employees, known and unknown,<br>        Plaintiff,<br><br>        v.<br><br>PROMPT MEDICAL TRANSPORTATION, INC. d/b/a PROMPT AMBULANCE SERVICE AND INDIANA EMS, GARY MILLER, SHAR MILLER, and JOSEPH MERRY,<br>        Defendants. | CAUSE NO.: 2:15-CV-58-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File Amended Complaint Joining Party Plaintiff [DE 28], filed by Plaintiff Katie Cross on September 30, 2015. Defendants Prompt Medical Transportation, Inc., Gary Miller, Shar Miller, and Joseph Merry filed a response on October 14, 2015. Cross filed a reply on October 21, 2015.

In the motion, Cross seeks to add Ann Farmer as a named party plaintiff and to expand the putative class to include all of Defendants' past and present employees paid hourly. In their response, Defendants argue that Cross's motion should be denied because (1) Farmer is not similarly situated to Cross; (2) the expanded class, as proposed, is not composed of employees who are alleged victims of a common decision, policy, or plan as required by the Fair Labor Standards Act (FLSA); and (3) the amendment would unfairly prejudice Defendants.

## ANALYSIS

Federal Rule of Civil Procedure 15 provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give

leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, a court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

### A. Rule 20 Joinder

Defendants argue Cross's and Farmer's claims do not fall within the parameters of Federal Rule of Civil Procedure 20 permissive joinder. An amendment is futile if it seeks to add a party whose joinder is impermissible under Rule 20. *Alvarez v. Armour Pharm.*, No. 94 C 3587, 1997 WL 566373, at *2 (N.D. Ill. Sept. 8, 1997); *see also, e.g.*, *Saunders v. Clarke*, No. 3:15CV117, 2015 WL 1916929, at *5 (E.D. Va. Apr. 27, 2015). Under Rule 20, plaintiffs may be joined if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Defendants only argue that subpart 20(a)(1)(A) is not met and do not challenge the existence of a common question under 20(a)(1)(B).

"The standard for permissive joinder under Rule 20 is liberal." *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 745 (N.D. Ill. 2007). Further, "Rule 20 should be construed in light of its purpose, which is 'to promote trial convenience and expedite the final determination

2

of disputes, thereby preventing multiple lawsuits.'" *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). For the "single transaction or occurrence" analysis, courts use a case-by-case approach. *Espinoza v. Buncich*, No. 2:11-CV-297, 2011 WL 5980761, at *2 (N.D. Ind. Nov. 29, 2011). "Although 'transaction or occurrence' is not defined in Rule 20(a), courts interpret this term as 'comprehend[ing] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "[W]hether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy" are relevant factors in determining the logical relationship. *Id.* at *2 (citations and internal quotation marks omitted); *see also Espinoza*, 2011 WL 5980761, at *2 (listing similar factors).

The conduct alleged by Cross and Farmer occurred in 2011-2013, with a period of overlap common to both Cross's and Farmer's allegations from about July 2011 to about January 2013. Cross's and Farmer's allegations arise out of their use of Defendants' time clocks when clocking in and out. Finally, the allegations in the amended complaint specifically implicate Defendants' policy of using the "snap" function to alter clock-in and clock-out times. Defendants' argument against Rule 20 joinder is that Cross's and Farmer's claims are too disparate, and, in support, Defendants cite *Adkins v. Illinois Bell Telephone Co.*, No. 14 C 1456, 2015 WL 1508496, at *7 (N.D. Ill. Mar. 24, 2015). In *Adkins*, the 82 employee-plaintiffs, who worked at various times during a 30-year period, sought joinder for their claims of unpaid pre-shift work and shortened meal breaks. However, unlike the case at bar, there was no single timekeeping policy common to all of the *Adkins*

plaintiffs, and that court's inquiry into job duties and supervisors in search of similarities between the plaintiffs is not necessary here. The Court finds that, because of the similarities in timing and conduct and because of the common policy implicated, joinder of Cross's and Farmer's claims do not violate Rule 20.

### B. "Similarly Situated" Under FLSA

Defendants also argue that expansion of the putative class is futile because the expanded class would not be "similarly situated" under FLSA and, thus, would not be permitted to proceed as a collective action to the conditional certification stage. In order for a collective action to proceed to conditional certification, courts "require noting more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Allen v. Payday Loan Store of Indiana, Inc.*, No. 2:13-CV-262, 2013 WL 6237852, at *8 (N.D. Ind. Dec. 3, 2013) (quoting *Madden v. Corinthian Colleges, Inc.*, No. 08 C 6623, 2009 WL 4757269, at *5 (N.D. Ill. Dec. 8, 2009)). As noted above, Cross and Farmer allege that the members of the expanded amended putative class were all subject to the policy of using the time clock "snap" function, which shorted the members' hours and pay. Defendants urge the Court to look at the differences between Cross and Farmer, too, but a further showing of similarity is not required at this stage. While reserving all decisions on conditional certification of the putative class—to be made in the event a motion for conditional certification is made after opportunity for discovery regarding the expanded class—the allegation of use of the "snap" function is sufficient to survive Defendants' assertion of futility at this stage.

### C. Undue Prejudice

Finally, Defendants assert that amendment of the complaint will "greatly prejudice" Defendants. (Defs. Resp. 6.) Defendants argue that discovery in this case has, up to this point,

4

focused on the original putative class—Defendants' employees who are or were emergency medical technicians or paramedics—and not the broader putative class of all hourly-paid employees, as set out in the proposed amended complaint. Defendants also take issue with Plaintiff trying to expand the putative class so close to the November 30, 2015 deadline for phase one discovery. Defendants are correct that prejudice may result from additional discovery. "This type of prejudice, however, is not out of the ordinary whenever a new party is added to a litigation." *Westell Tech., Inc. v. Hyperedge Corp.*, No. 02 C 3496, 2003 WL 22088039, *2 (N.D. Ill. Sept. 8, 2003). While nearly every amendment may result in some prejudice to the non-moving party, the standard to be applied is whether undue prejudice would result. *See Foman*, 371 U.S. at 182. Here, the original complaint contained allegations regarding Defendants' use of the snap function, and, while the expanded class will likely create need for additional discovery, the Court anticipates that some of the discovery already completed will be applicable to the enlarged class.

Further, while Defendants correctly note the upcoming discovery deadline, Defendants fail to note another deadline, specifically the September 30, 2015 deadline for Plaintiff to file a motion for leave to amend pleadings. The Court set this deadline after receiving the parties' planning meeting report in which Defendants agreed to this deadline. Given Plaintiff's compliance with this deadline, Defendants' agreement to the deadline, the mandate of Rule 15 to freely give leave to amend pleadings, and no stronger argument for prejudice than a moderate shift in the scope of discovery and an upcoming—but extendable—discovery deadline, the Court finds that any prejudice Defendants will suffer from the requested amendment does not rise to the level of undue prejudice. Consequently, Defendants' argument regarding undue prejudice fails.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Leave to File Amended Complaint Joining Party Plaintiff [DE 28]. The Court **ORDERS** Plaintiff to **FILE** the First Amended Complaint on or before **November 6, 2015**.

SO ORDERED this 2nd day of November, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT