# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KATIE CROSS and ANN FARMER, on behalf of themselves and all other similarly-situated employees, known and unknown,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>PROMPT MEDICAL TRANSPORTATION, INC. d/b/a PROMPT AMBULANCE SERVICE AND INDIANA EMS, GARY MILLER, SHAR MILLER, and JOSEPH MERRY,<br>　　　　Defendants. | CAUSE NO.: 2:15-CV-58-PRC |

## OPINION AND ORDER

This matter is before the Court on an Agreed Motion for Leave to File Certain Documents Under Seal [DE 40], filed by Plaintiffs Katie Cross and Ann Farmer on December 31, 2015. Plaintiffs ask for the Court's leave to file under seal certain exhibits in support of their motion for conditional collective action certification.

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit Court of Appeals has held that there is a general presumption that judicial records are public. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). That presumption "can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." *Id.* (citations omitted). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Accordingly, a motion to file documents under seal must justify the claim of secrecy,

analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945; *see also, e.g.*, *Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

In their argument that the documents should be sealed, Plaintiffs cite to no case law. Instead, Plaintiffs rely on the definition of confidential information as defined in the Protective Order issued in this case. Plaintiffs' argument falls short of overcoming the presumption that the documents should be open to the public view.

The Court notes that some of the documents sought to be sealed are Plaintiffs' records. To the extent these records are needed to prove Plaintiffs' case, the Court currently sees no reason to protect them. However, financial account numbers, social security numbers, birth dates, and similar information must be redacted as to every person. *See* Fed. R. Civ. P. 5.2(a).

Without deciding the issue, the Court further notes that, due to the importance of the documents in question to the underlying motion for collective action certification, the proper route for protecting information may be through redacting, and not sealing, the documents.

Based on the foregoing, the Court hereby **DENIES without prejudice** the Agreed Motion for Leave to File Certain Documents Under Seal [DE 40] and **SETS** the deadline for Plaintiffs to file unsealed, redacted copies and/or a motion to seal for **January 19, 2016**. The Court **ADVISES** Plaintiffs that, if Plaintiffs file no unsealed, redacted copies or new motion to seal by the deadline, the documents filed under seal in this case at docket entry 41 will be stricken from the record and, consequently, cannot serve as evidence in support of Plaintiff's Motion for Conditional Collective Action Certification under 29 U.S.C. 216(b).

SO ORDERED this 5th day of January, 2016.

        s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES MAGISTRATE JUDGE