# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

KATIE CROSS, on behalf of herself and all other )
similarly situated employees, known and unknown, )
               Plaintiff, )
           )
      v. )      Cause No.: 2:15-CV-58-PRC
           )
PROMPT MEDICAL TRANSPORTATION, INC. )
d/b/a Prompt Ambulance Service and Indiana )
EMS, GARY MILLER, SHAR MILLER, and )
JOSEPH MERRY, )
             Defendants. )

## OPINION AND ORDER

This matter is before the Court on Defendants' Unopposed Motion to Present the Settlement Agreement *In Camera* [DE 64], filed by the parties on October 12, 2016. This case was brought by Plaintiff on February 16, 2015, under the Fair Labor Standards Act (FLSA) for unpaid wages. Thereafter, Ann Farmer joined the action. Significant discovery and briefing on a motion for conditional certification have occurred. After the motion was fully briefed, the parties began extensive settlement negotiations. During the settlement negotiations, the parties agreed to the confidentiality of the settlement amounts to be paid to Plaintiffs and their counsel. This is a negotiated term that is critical to the resolution of the case. The parties therefore ask that they be allowed to file the settlement agreement under seal.

Northern District of Indiana Local Rule 5-3 provides that "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The general presumption is that judicial records are public, but this can be overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The bar is quite high: "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision

look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945. Further, and notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court. *Id.* ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.").

The Court finds that the parties have shown good cause for filing the settlement agreement under seal. In order to settle this FLSA action by way of a settlement agreement, the parties have no choice but to seek the approval of the Court, which is a public proceeding. The parties do not have the option, as litigants do in most non-FLSA cases, to execute a private, confidential settlement agreement and then file a stipulation of dismissal. Yet assuring confidentiality is a key and material party of these settlement agreements. *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11CV21PRC, 2012 WL 5361756, at *3 (N.D. Ind. Oct. 30, 2012) (citing *Perry v. Nat'l City*, 05-CV-891-DRH, 2008 WL 427771, *1 (S.D. Ill. Feb. 14, 2008)).

Accordingly, the Court hereby **GRANTS** Defendants' Unopposed Motion to Present the Settlement Agreement *In Camera* [DE 64]. The Court **ORDERS** that the parties are granted leave to file the settlement agreement under seal in this case.

SO ORDERED this 13th day of October, 2016.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT